UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GAMMA CONSTRUCTION
COMPANY, INC.

CIVIL ACTION NO. 6:18-cv-00761

VERSUS

JUDGE JUNEAU

FRANK'S INTERNATIONAL, LLC

MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Pending is the motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, alternatively, to stay the proceedings, which was filed by the third-party defendant, Gulf Coast Woodworks, LLC (Rec. Doc. 64). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be denied.

## Background

Gamma Construction Company, Inc. was the general contractor for the construction of Frank's International, LLC's administration building in Lafayette, Louisiana. Gulf Coast Woodworks, LLC was one of Gamma's subcontractors. In June 2018, Gamma filed this lawsuit against Frank's, alleging *inter alia* that Frank's had breached the contract between them and failed to pay the full amount owed to

Gamma.  In July 2018, Gulf Coast filed suit against Frank's in Louisiana state court, seeking to recover amounts it was allegedly owed for its work on the construction of Frank's new building.  Frank's answered the state-court suit and asserted a third-party demand against Gamma for breach of contract based on Gulf Coast's allegedly deficient work.  Soon thereafter, Frank's filed a counterclaim in this lawsuit to assert a similar claim against Gamma.  After Gamma filed an exception of *lis pendens* in the state-court suit, Frank's and Gamma entered into a consent judgment in February 2020, agreeing that the exception was to be granted in part and denied in part and that all proceedings in the state-court suit were to be stayed until the federal-court lawsuit "has been discontinued or final judgment has been rendered."[1]    In correspondence between counsel, Gulf Coast indicated that it was "fine with the consent judgment" and understood that the state-court lawsuit would be stayed while Gamma and Frank's proceeded with the federal-court suit.[2]

In April 2020, Gamma and Frank's settled their dispute.  However, Frank's reserved its right to proceed against Gamma for the purpose of pursuing its claim against Gulf Coast,[3] and Gamma assigned all of its rights in the Gulf Coast

---

[1]    Rec. Doc. 64-5 at 2.

[2]    Rec. Doc. 68-1 at 1.

[3]    Rec. Doc. 64-5 at 14.

2

subcontract to Frank's.[4]  In July 2020, Frank's filed a third-party complaint against Gulf Coast in this action.

In its third-party demand against Gulf Coast, Frank's alleged that Gulf Coast was hired by Gamma "to perform architectural woodwork and casework" in the new building.  In particular, Gulf Coast was to install a product called "Tree Frog veneer." Frank's alleged that the product was not installed in accordance with the architect's specifications or with the manufacturer's recommendations, resulting in bubbling and delamination which had not yet been remedied.  Frank's asserted a redhibition claim, a claim for breach of the warranty of fitness, a negligence claim, and a claim for unjust enrichment.  Frank's also "seeks a declaratory judgment that Frank's shall not be liable to Gulf Coast for the amount allegedly owed or, in the alternative, the amount allegedly owed should be reduced by the amount to correct the defective work, which is actually more than the amount sought by Gulf Coast."[5]

In support of its motion to dismiss, Gulf Coast argued that Frank's third-party complaint should be dismissed, either because the court has no subject-matter jurisdiction over the claim or because Frank's failed to state a claim upon which relief can be granted; alternatively, Gulf Coast seeks to have the action stayed.

---

[4]    Rec. Doc. 64-5 at 21, 25.

[5]    Rec. Doc. 58 at 10.

## Law and Analysis

### I.    Rule 12(b)(1) Motion to Dismiss

Gulf Coast argued that this court has no subject-matter jurisdiction over Frank's third-party demand because the dispute between Gamma and Frank's was mooted by their settlement, leaving no justiciable controversy before the court.

#### A.    The Standard for Analyzing a Rule 12(b)(1) Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the exercise of the court's subject-matter jurisdiction.  A federal court must consider a Rule 12(b)(1) motion to dismiss before taking up any other motion because a court must have subject-matter jurisdiction before determining the validity of a claim.[6]  The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists.[7]  When a Rule 12(b)(1) motion to dismiss is based on the complaint alone, it is a facial attack, and the court must decide whether the allegations in the complaint sufficiently state a basis for subject-matter jurisdiction.[8]  If the defendant submits

---

[6]    *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

[7]    *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[8]    *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

affidavits, testimony, or other evidentiary materials, as in this case, however, the jurisdictional attack is factual, rather than facial.[9]

In deciding a factual attack on jurisdiction, the allegations of the plaintiff's complaint are not presumed to be true, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.[10] The court may make factual findings[11] and resolve factual disputes that are determinative of jurisdiction.[12] When a defendant makes a factual attack, the plaintiff must establish subject-matter jurisdiction by a preponderance of the evidence.[13]

## B.    The Underlying Claim is Not Entirely Moot

Gulf Coast argued that the court lacks subject-matter jurisdiction over Frank's third-party claim against it because the underlying claim by Gamma against Frank's was settled, rendering the case moot. Article III of the United States Constitution limits the judicial authority of the federal courts to cases and controversies. This requirement applies throughout the litigation. "[I]t is not enough that a dispute was

---

[9]    *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc*., 778 F.3d 502, 504 (5th Cir. 2015) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

[10]    *Cell Sci. Sys. Corp. v. Louisiana Health Serv*., 804 Fed. App'x 260, 264 (5th Cir. 2020) (citing *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981)).

[11]    *Center for Biological Diversity, Inc. v. BP Am. Prod. Co*., 704 F.3d 413, 423 (5th Cir. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

[12]    *Moran v. Kingdom of Saudi Arabia*, 27 F.3d at 172.

[13]    *Irwin v. Veterans Admin*., 874 F.2d 1092, 1096 (5th Cir. 1989).

very much alive when suit was filed. . . the parties must continue to have a personal stake in the outcome of the lawsuit."[14]  Once the issues originally presented in the litigation have been resolved, then a suit presents no case or controversy and should be dismissed as moot.  A case must be dismissed when an event occurs that makes it "impossible for the court to grant any effectual relief whatsoever to a party."[15]  A case that has become moot no longer presents a case or controversy justiciable in court, and courts have no jurisdiction over causes of action that have become moot.[16]

Gulf Coast argued that the settlement between Gamma and Frank's resolved their dispute in its entirety, rendering Gamma's claim against Frank's moot and depriving the court of jurisdiction.  But the settlement documents clearly and unambiguously reserved Gamma's claim against Gulf Coast and assigned that claim to Frank's.  Therefore, the settlement did not resolve every claim that Gamma asserted against Frank's or result in the entirety of Gamma's dispute with Frank's becoming moot.  It was a settlement with a reservation of rights or a partial settlement, which did not result in the resolution of every claim before the court. Instead, the settlement expressly maintained Gamma's claim against Gulf Coast but authorized Frank's to pursue that claim on Gamma's behalf.  "A settlement of all

---

[14]     *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).

[15]     *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

[16]     *Goldin v. Batholow*, 166 F.3d 710, 718 (5th Cir. 1999).

claims among all parties. . . moots the action [while a] partial settlement moots the settled claims, but not the action."[17]

Similar contractual arrangements – partial settlements, reservations of claims, and assignments of rights – are common. Furthermore, there is an independent basis for the court's subject-matter jurisdiction over Frank's third-party demand against Gulf Coast under 28 U.S.C. § 1332 in that the amount in controversy exceeds the statutory minimum and the parties are diverse in citizenship.[18]

Accordingly, this Court will recommend that the motion should be denied to the extent that Gulf Coast seeks dismissal of the third-party demand for lack of subject-matter jurisdiction due to mootness of the underlying claim.

## II.    Rule 12(b)(6) Motion to Dismiss

Gulf Coast argued that, to the extent Frank's seeks a declaratory judgment, the third-party demand is prohibited by the Anti-Injunction Act and, consequently, fails to state a plausible claim.

---

[17]    13B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3533.2 (3d ed.). See also *Breaux v. Equity Group, Inc*., No. 87-2524, 1989 WL 1764, at *1 (E.D. La. Jan. 9, 1989) ("Although National Union was a party to the partial settlement, its motion to dismiss is not moot because plaintiffs' partial dismissal specifically reserved the issue of National Union's liability in connection with the financial guarantee bond it issued and the indemnification and pledge agreements executed by plaintiffs.").

[18]    The amount in controversy in the third-party demand is facially apparent. (Rec. Doc. 58 at 4, 8, 12). Information in the suit record establishes that the parties are diverse in citizenship. (Rec. Doc. 1 at 1-2; Rec. Doc. 10; Rec. Doc. 11 at 2; Rec. Doc. 63).

## A.    <u>The Standard for Analyzing a Rule 12(b)(6) Motion to Dismiss</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the complaint for failure to state a legally cognizable claim.[19]  When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto,[20] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[21]  Conclusory allegations and unwarranted deductions of fact are not accepted as true,[22] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[23]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[24]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[25] and "the pleading must contain something more. . . than. . . a statement of facts that merely creates a

---

[19]    *Ramming v. United States*, 281 F.3d at 161.

[20]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[21]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[22]    *Collins v. Morgan Stanley*, 224 F.3d at 498.

[23]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[24]    *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[25]    *Bell Atlantic v. Twombly*, 550 U.S. at 555.

8

suspicion [of] a legally cognizable right of action."[26]  While a complaint does not need detailed factual allegations, the plaintiff must provide more than labels, conclusions, or a formulaic recitation of the elements of a cause of action.[27]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[28]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29]  Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[30]

### B.    Frank's Claim for Declaratory Relief is Plausible

Gulf Coast argued that Frank's declaratory relief claim is implausible because it is barred by the Anti-Injunction Act.  As a general rule, district courts may not

---

[26]    *Bell Atlantic v. Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[27]    *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted).  See, also, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[28]    *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[29]    *Ashcroft v. Iqbal*, 556 U.S. at 678.

[30]    *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 556).

consider the merits of a declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act.[31]  While Gulf Coast filed a claim against Frank's in state court and the state-court case involves the same issues presented in this case, Gulf Coast did not clearly explain how allowing Frank's third-party demand to proceed would equate to granting an injunction to stay the state-court proceedings or how the Anti-Injunction Act might operate to prohibit the third-party demand.

> The Anti–Injunction Act states:
>
> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.[32]

This court has not granted an injunction to stay any state-court proceedings.  To the contrary, the parties to the state-court action voluntarily agreed to stay that action, and Gulf Coast did not object.  Further, this court need not stay the state-court action to aid its jurisdiction, and no judgment has been issued by this court that would be protected or effectuated by staying the state-court suit.  Accordingly, this Court finds

---

[31]    *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc*., 996 F.2d 774, 776 (5th Cir. 1993).

[32]    28 U.S.C. § 2283.

that the Anti-Injunction Act does not make Frank's claim for declaratory relief implausible. Consequently, this Court recommends that Gulf Coast's motion to dismiss under Rule 12(b)6) should be denied.

## III.   **The Alternative Motion to Abstain or Stay**

Gulf Coast alternatively argued that the court should either abstain from ruling on this case or stay this lawsuit until a ruling has been reached in the related state-court litigation.

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them.[33] Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."[34] In "extraordinary and narrow" circumstances,[35] however, a district court may abstain from exercising its jurisdiction but "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[36] In its discretion, a federal court may abstain or stay the exercise of its jurisdiction, in the interest of wise judicial administration, when parallel proceedings are pending in different

---

[33]   *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (citing *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[34]   *Transocean Offshore v. Catrette*, 239 Fed. App'x 9, 11 (5th Cir. 2007) (citing *Colorado River v. United States*, 424 U.S. at 817).

[35]   *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d at 650 (quoting *Colorado River v. United States*, 424 U.S. at 813).

[36]   *Colorado River v. United States*, 424 U.S. at 813.

forums.  This concept rests on the ideas of federalism, comity, and conservation of judicial resources.[37]

Gulf Coast first argued that this court should decline to issue a declaratory judgment, abstaining in reliance on the analysis set forth in *Brillhart v. Excess Insurance Company of America*.[38]  But that case is not applicable.  "One of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief."[39]  If the suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by the standard articulated in *Wilton v. Seven Falls Company*[40] and *Brillhart v. Excess Ins. Co. of America*,[41] but if the suit involves a request for monetary or other coercive relief, even if declaratory relief is also sought, the standard articulated in *Colorado River Water Conservation District v. United States*[42] applies.[43]  In this case, Frank's third-party

---

[37]    *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d at 650 (citing *Colorado River v. United States*, 424 U.S. at 813).

[38]    *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 492 (1942).

[39]    *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005).

[40]    *Wilton v. Seven Falls Company*, 515 U.S. 277, 288 (1995).

[41]    Cited supra.

[42]    *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

[43]    *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d at 250-51.

demand includes a claim for declaratory relief, but also seeks the recovery of damages. Thus, Gulf Coast's argument that this lawsuit should be stayed in accordance with *Brillhart* lacks merit.

Gulf Coast also argued that the case should be stayed or dismissed in accordance with the *Colorado River* abstention doctrine to prevent piecemeal litigation and forum shopping. As a threshold matter, a stay of federal proceedings under *Colorado River* may be considered when related federal and state cases are parallel, which generally means that the actions involve the same parties and issues.[44] If the state and federal cases are parallel, the court must determine if exceptional circumstances[45] warrant abstention by applying six relevant factors: (1) assumption by either court of jurisdiction over a res, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[46] No

---

[44]    *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014); *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

[45]    *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 851 (5th Cir. 2009); *Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

[46]    See, e.g., *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d at 650.

13

one factor is necessarily determinative,[47] and the factors should not be applied mechanically; instead, they should be carefully balanced on a case-by-case basis, with the balance heavily weighted in favor of the exercise of jurisdiction by the federal court.[48]

As noted, the general rule is that lawsuits are parallel when they involve the same parties and the same issues. But the Fifth Circuit has not always insisted on a precise identity of parties, stating that "there need not be applied in every instance a mincing insistence on precise identities."[49] Thus, suits may be found to be parallel "while not absolutely symmetrical" but consisting of "substantially the same parties litigating substantially the same issues."[50] In this case, Gulf Coast's lawsuit against Frank's is pending in Louisiana state court, while this federal-court lawsuit presents a related claim by Frank's against Gulf Coast. Neither the issues nor the parties in the two related suits are identical. Gulf Coast asserted a claim under Louisiana's Private Works Act in the state-court litigation that was not asserted in Frank's third-party demand, and Gulf Coast sued Mosing Ventures, LLC in the state-court action,

---

[47]    *Nationstar Mortgage, LLC v. Knox*, 351 Fed. App'x at 851 (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 16 (1983)).

[48]    *Brown v. Pacific Life Ins. Co*., 462 F.3d 384, 395 (5th Cir. 2006) (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp*., 460 U.S. at 16).

[49]    *RepublicBank Dallas v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).

[50]    *Kenner Acquisitions, L.L.C. v. BellSouth Telecommunications, Inc*., No. 06–3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007).

allegedly because the Lafayette Parish Tax Assessor's Office shows that entity as the current owner of Frank's administration building.  But Mosing was not a party to the contract on which this litigation is based; therefore, it is unclear how important Mosing's presence is to the resolution of the claims between Gulf Coast and Frank's. While the parties' claims are not identical, the substantive issue of whether Frank's owes money to Gulf Coast or Gulf Coast owes money to Frank's lies at the heart of both suits.  Accordingly, this Court finds that the two lawsuits are sufficiently similar to be deemed parallel, and it is necessary to analyze the six relevant factors.

The first factor that must be considered is the assumption by either court of jurisdiction over a res.  The term "res" is defined as an "object, interest, or status, as opposed to a person."[51]  A court has been found to have taken control over a res when funds were deposited into the registry of the court[52] and when a plaintiff sought a declaration that it was the owner of certain immovable property despite a competing claim by another.[53]  Although Gulf Coast's state-court case involves a privilege against immovable property, there is no indication that the court has taken control of that property.  Instead, Frank's and Gulf Coast claim that each suffered

---

[51]     Black's Law Dictionary, Ninth Edition at 1420.

[52]     See, e.g., *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 463 (5th Cir. 2012); *Gilchrist Const. Co. LLC v. Davis*, No. 1:09-CV-01420, 2010 WL 3456977, at *8 (W.D. La. Aug. 27, 2010).

[53]     See, e.g., *Key v. Wise*, 629 F.2d 1049, 1059–60 (5th Cir. 1980); *Turner v. Pavlicek*, No. H-10-00749, 2011 WL 4458757, at *6 (S.D. Tex. Sept. 22, 2011).

monetary losses due to actions of the other.  Accordingly, this Court finds that neither involved court has assumed control over a res.  Consequently, the first factor weighs against abstention.[54]

The second factor is the relative inconvenience of the forums.  When courts are in the same geographic location or in approximately the same location within the state, the inconvenience factor weighs against abstention.[55]  Here, both suits are pending in Lafayette, Louisiana.  Therefore, this factor weighs against abstention.

The third factor is the avoidance of piecemeal litigation. The pendency of an action in state court does not bar a federal court from considering the same matter,[56] and avoiding duplicative litigation is not the goal of the *Colorado River* abstention doctrine.[57]

> *Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction.  The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings

---

[54]    See, e.g., *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999); *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988).

[55]    See, e.g., *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d at 463 (5th Cir. 2012); *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d at 650.

[56]    *Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002).

[57]    *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d at 650 (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d at 1192).

> with respect to a piece of property. When. . . no court has assumed
> jurisdiction over a disputed res, there is no such danger.[58]

Therefore, when as in this case, jurisdiction has not been assumed over a res, this factor weighs against abstention. Furthermore, inconsistent rulings are unlikely in this case because the state-court action has already been stayed pending the resolution of this suit.

The fourth factor is the order in which jurisdiction was obtained by the concurrent forums. In evaluating this factor, the focus must be placed not on which suit was filed first but on how much progress has been made in each of the two lawsuits.[59] Here, the state-court case was filed approximately two years before Frank's filed its third-party demand against Gulf Coast in this action. Gulf Coast argued that the state-court litigation has progressed further than this suit has, pointing out that discovery was conducted but also noting that this matter had been set for trial in November 2020. Frank's argued that only minimal discovery was conducted in the state court action and no trial date was set in that proceeding before it was stayed. The trial date in this proceeding has now been upset, and no new trial

---

[58]   *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d at 650-51 [emphasis in original].

[59]   *Stewart v. Western Heritage Insurance Co.*, 438 F.3d at 492; *Murphy v. Uncle Ben's, Inc.*, 168 F.3d at 738.

date will be established until after this motion has been ruled upon.[60]  Furthermore, the state-court action has been stayed since February 2020, pending the resolution of this suit.  The evidence indicates that some discovery was had in the state-court action, the state-court judge issued at least one ruling, but there is no evidence that any substantive ruling has been issued in the state-court proceeding other than the ruling by which the action was stayed in favor of the conclusion of the federal-court litigation.  The Fifth Circuit has "suggested that this factor only favors abstention when the federal case has not proceeded past the filing of the complaint."[61]  That is the current posture of this lawsuit when only the third-party demand is considered. Gulf Coast has not answered and there currently is no trial fixing.  Therefore, this factor favors abstention.  But as a practical matter, it is difficult to understand why this Court would abstain in favor of a proceeding that was already stayed by agreement of the parties in order to allow this suit to proceed.

The fifth factor requires an evaluation of the extent to which federal law provides the rules of decision on the merits.  "[T]he presence of federal-law issues must always be a major consideration weighing against surrender,"[62] but the

---

[60]    Rec. Doc. 71.

[61]    *Stewart v. Western Heritage Insurance Co.*, 438 F.3d at 493; *Murphy v. Uncle Ben's, Inc.*, 168 F.3d at 738.

[62]    *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983).

18

presence of state law issues weighs in favor of abstention only in rare circumstances.[63]  Here, there are no issues of federal law to be resolved, and Gulf Coast did not explain how this suit presents such a rare circumstance that the existence of only state law claims weighs in favor of abstention.  In fact, this Court regularly considers Louisiana state-law claims such as those presented in the third-party demand; consequently, there does not appear to be anything rare about the circumstances presented here.  "This case does not involve rare circumstances under which the presence of controlling issues of Louisiana law might make abstention appropriate."[64]

The final factor is the adequacy of the state-court proceedings in protecting the rights of the party invoking federal jurisdiction.  Gulf Coast argued that this factor weighs in favor of abstention because it asserted a claim under the Private Works Act in the state-court lawsuit that has not been asserted in this forum.  The Fifth Circuit has held, however, that this factor cannot weigh in favor of abstention; to the contrary, it can only be neutral or weigh against abstention.[65]  Neither Gulf Coast nor Frank's argued that the state court cannot adequately adjudicate the case.  Furthermore, "[a] party who could find adequate protection in state court is not

---

[63]    *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. at 25.

[64]    *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d at 1193.

[65]    *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d at 465; *Stewart v. Western Heritage Insurance Co.*, 438 F.3d at 493.

thereby deprived of its right to the federal forum, and may still pursue the action there since there is no ban on parallel proceedings."[66]  The sixth factor does not weigh in favor of abstention.

Thus, only one of the six *Colorado River* factors might arguably weigh in favor of abstention – the greater progress made in the state court case.  In itself, however, this does not give rise to exceptional circumstances capable of overcoming the strong presumption in favor of retaining jurisdiction.[67]  To the contrary, this case provides a rather ordinary example of parallel litigation in state and federal court.  As noted above, federal courts have a "virtually unflagging obligation. . . to exercise the jurisdiction given them," even if this results in seemingly wasteful duplicative litigation.[68]  Furthermore, "the problem of inconsistent judgments can be obviated through a plea of *res judicata* should one court render judgment before the other."[69]  Moreover, the likelihood of inconsistent judgments is lessened in this case by the fact that the state-court action has already been stayed, pending the resolution of this lawsuit.  But "this court is not to merely mechanically weigh the listed factors but

---

[66]    *Evanston Ins. Co. v. Jimco, Inc*., 844 F.2d at 1193.

[67]    *Saucier v. Aviva Life and Annuity Co*., 701 F.3d at 465 (citing *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp*., 460 U.S. at 16 & 19).

[68]    *Colorado River v. United States*, 424 U.S. at 817.

[69]    *Kelly Inv., Inc. v. Continental Common Corp*., 315 F.3d 494, 498 (5th Cir. 2002).

must balance them in an effort to comply with the higher courts' admonitions not to shirk jurisdiction over cases properly before it."[70]   After carefully analyzing and balancing the relevant factors, the inevitable conclusion is that Gulf Coast has not demonstrated that any exceptional circumstances exist that would warrant this court's declining to exercise jurisdiction over this case.

Finally, Gulf Coast argued that, by filing the third-party demand after obtaining a stay of the state-court lawsuit, Frank's is forum shopping.   But forum shopping generally is not a sufficient basis to apply *Colorado River* abstention.

> Although defendant argues that this Court should not permit plaintiff's "flagrant" attempt at forum shopping, courts have not applied the *Colorado River* abstention doctrine based on forum shopping alone. See 17A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4247 (3d ed. 2013) ("There is no doctrine of abstention or deference that authorizes a federal court to decline to exercise jurisdiction on the ground of forum shopping alone.").   To the extent such considerations are relevant, they do not demonstrate that exceptional circumstances justify abstention in this case.[71]

Therefore, even if this Court were to find that forum shopping motivated Frank's to file the third-party demand in this lawsuit, a topic that this Court declines to address, such conduct is generally not regarded as creating the type of exceptional

---

[70]   *Channel Control Merchants, LLC v. Davis*, No. 2:11cv21KS-MTP, 2011 WL 1356937, *8 (S.D. Miss. Apr. 11, 2011). See, also, *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp*., 460 U.S. at 16.

[71]   *Weems v. New Orleans Pub. Belt R.R. Comm'n*, No. 13-591, 2013 WL 3833057, at *2 (E.D. La. July 23, 2013). See, also, *Welding Techs. v. James Mach. Works, LLC*, No. 3:12-CV-336, 2013 WL 1123852, at *5 n. 2 (S.D. Tex. Mar. 18, 2013)

circumstances that is required for declining jurisdiction under the *Colorado River* abstention doctrine.

Accordingly, a careful balancing of the relevant factors leads this Court to conclude that abstention under the reasoning of *Colorado River* is not warranted in light of the arguments presented by the parties in this case.

Gulf Coast alternatively argued that, even if this Court were to decline the invitation to abstain, it should stay this matter pending resolution of the parallel state-court action. There are some situations in which it would be both practical and logical for a court to do so. For example, if this court was called upon to decide an insurance coverage issue concerning a matter being litigated in state court, the best course of action might be for this court to stay the federal-court action until after the state-court action had been decided. In this case, however, the resolution of the state-court action would neither narrow the issues to be decided by this court nor provide a basis for this court's decision on the issues before it. As stated above, the defendants have not demonstrated a valid basis for this Court to either stay this suit or decline to exercise jurisdiction over it.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Gulf Coast's motions to dismiss, stay, or abstain (Rec. Doc. 64) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[72]

Signed at Lafayette, Louisiana, this 19th day of November 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[72]     See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

23