UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GAMMA CONSTRUCTION                CIVIL ACTION NO. 6:18-cv-00761
COMPANY, INC.

VERSUS                            JUDGE JUNEAU

FRANK'S INTERNATIONAL, LLC        MAGISTRATE JUDGE HANNA

### MEMORANDUM RULING

Currently pending is the motion to compel the production of documents and the testimony of Frank's International, LLC's Rule 30(b)(6) witness (Rec. Doc. 88), which was filed by third-party defendant Gulf Coast Woodworks, LLC.  The motion is opposed.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

### Background

Gamma Construction Company, Inc. was the general contractor for the construction of Frank's International, LLC's new administration building in Lafayette, Louisiana.  Gulf Coast Woodworks, LLC was one of Gamma's subcontractors.  In June 2018, Gamma filed this lawsuit against Frank's, alleging *inter alia* that Frank's breached the contract between them and failed to pay the full amount owed to Gamma.  In July 2018, Gulf Coast filed suit against Frank's in Louisiana state court, seeking to recover amounts it was allegedly owed for its work on the construction of Frank's new building.  Frank's answered the state-court suit

and asserted a third-party demand against Gamma for breach of contract based on Gulf Coast's allegedly deficient work.  Frank's then filed a counterclaim in this lawsuit to assert a similar claim against Gamma.  After Gamma filed an exception of *lis pendens* in the state-court suit, Frank's and Gamma entered into a consent judgment, agreeing that the state-court suit would be stayed pending the resolution of this federal-court lawsuit.[1]

In April 2020, Gamma and Frank's settled their dispute, with Frank's reserving its right to proceed against Gamma for the purpose of pursuing its claim against Gulf Coast[2] and Gamma assigning all of its rights in the Gulf Coast subcontract to Frank's.[3]  In July 2020, Frank's filed a third-party complaint against Gulf Coast in this action.[4]

In its third-party demand against Gulf Coast, Frank's alleged that Gulf Coast was hired by Gamma "to perform architectural woodwork and casework" in the new building.  In particular, Gulf Coast was to install a product called "Tree Frog veneer."  Frank's alleged that the product was not installed in accordance with the architect's specifications or the manufacturer's recommendations, resulting in bubbling and

---

[1]     Rec. Doc. 64-5 at 2.

[2]     Rec. Doc. 64-5 at 14.

[3]     Rec. Doc. 64-5 at 21, 25.

[4]     Rec. Doc. 58.

delamination.   Frank's asserted a redhibition claim, a claim for breach of the warranty of fitness, a negligence claim, and a claim for unjust enrichment.  Frank's also sought "a declaratory judgment that Frank's shall not be liable to Gulf Coast for the amount allegedly owed or, in the alternative, the amount allegedly owed should be reduced by the amount to correct the defective work, which is actually more than the amount sought by Gulf Coast."[5]

Gulf Coast filed the pending motion in an effort to obtain an unredacted copy of the settlement agreement between Gamma and Frank's and testimony from Frank's corporate representative regarding the settlement agreement.  Frank's has resisted producing an unredacted copy of the settlement agreement or permitting its representative to discuss the redacted portions of the settlement agreement, primarily on the basis that the parties agreed to keep the agreement confidential.

## Law and Analysis

In support of its motion to compel, Gulf Coast argued that the entire unredacted settlement agreement between Gamma and Frank's is discoverable, may be admissible, may lead to the admissibility of other evidence, may potentially demonstrate bias or prejudice by the realignment of the parties through the release and assignment of claims, may lead to admissible evidence regarding Gulf Coast's

---

[5]      Rec. Doc. 58 at 10.

claims and defenses, and may be germane to the amount in controversy of Frank's third-party demand against Gulf Coast.[6]   Frank's argued, in response, that the settlement agreement is not discoverable and that Gulf Coast's motion to compel was not timely filed.

In evaluating the motion to compel, this Court is guided by Fed. R. Civ. P. 26, which states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in the rule.  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.[7]   Nevertheless, discovery does have "ultimate and necessary boundaries."[8]   Further, it is well established that "control of discovery is committed

---

[6]    This Court notes that Gulf Coast's argument regarding the court's subject-matter jurisdiction lacks merit.   "When a federal court has original subject matter jurisdiction over plaintiff's complaint, the court has supplemental jurisdiction over a third-party demand under 28 U.S.C. § 1367 and 'there need be no independent jurisdictional basis for such a claim.'" *Constantin Land Trust v. Epic Diving and Marine Services, LLC*, No. 12-259, 2013 WL 1292275, at *7 (E.D. La. Mar. 28, 2013) (quoting 6 Miller & Kane, Federal Practice & Procedure § 1444 at 377-78 (West 2010)).

[7]    *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Davis v. United States Marshals Service*, 849 Fed. App'x 80, 86 (5th Cir. 2021) (citing *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991)).

[8]    *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

4

to the sound discretion of the trial court,"[9] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[10]

## A.      Gulf Coast Failed to Properly Evidence the Discovery Dispute

Local Rule 26.6 states that when a party seeks relief under Fed. R. Civ. P. 37, as Gulf Coast has in this case, "copies of the portions of the. . . requests [for production]. . . shall be filed with the court contemporaneously with any such motion."  Gulf Coast failed to comply with this rule.

According to Gulf Coast's briefing, Gulf Coast propounded written discovery to Frank's on April 5, 2021, including Request No. 8 which allegedly requested the production of any and all settlement documents between Gamma and Frank's.  Gulf Coast did not file a copy of the requests for production along with its motion to compel.  However, Gulf Coast alleged that, on May 10, 2021, Frank's objected to Request for Production No. 8 on the primary basis that it sought confidential and privileged settlement documents but stated that it had already given Gulf Coast a redacted version of the settlement agreement.[11]  In its briefing, Gulf Coast allegedly

---

[9]      *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[10]      *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

[11]      Rec. Doc. 88-1 at 4.  Frank's claims to have produced the redacted copy of the settlement agreement in September 2020.  Rec. Doc. 88-6 at 1.

quoted both Request for Production No. 8 and Frank's response to Request for Production No. 8.[12]  Gulf Coast also indicated that Frank's response to the disputed request for production could be found in its Exhibit B, filed in the suit record as Record Document 88-3.[13]  Gulf Coast did not indicate on which page of that 68 page document Frank's request could be found.  Therefore, this Court reviewed the entirety of Gulf Coast's Exhibit B – but without locating the request for production at issue or the alleged response thereto that was quoted in Gulf Coast's brief.  Gulf Coast's Exhibit B does include Frank's response to a Request for Production No. 8, but the Request for Production No. 8 in the document filed along with Gulf Coast's motion to compel seeks a copy of Frank's contract with J.S. Altimore rather than the unredacted settlement agreement between Frank's and Gamma.[14]  Nowhere in the document filed as Gulf Coast's Exhibit B did this Court locate a request for production seeking an unredacted copy of the settlement agreement.  Therefore, Gulf Coast failed to comply with Local Rule 26.6 and neither documented that it actually sent the alleged production request to Frank's nor documented Frank's response to that alleged request for production.

---

[12]     Rec. Doc. 88-1 at 3-4.

[13]     Rec. Doc. 88-1 at 4, footnote 4.

[14]     Rec. Doc. 88-3 at 16.

Additionally, Gulf Coast alleged in its briefing that it noticed a Rule 30(b)(6) deposition of Frank's on May 10, 2021, and specifically requested that a company representative answer questions regarding the settlement between Gamma and Frank's, to which Frank's objected.[15]  Gulf Coast indicated that its Exhibit C, filed into the record as Record Document 88-4, evidenced this request.  Upon review, however, this Court found that the version of the deposition notice dated May 10, 2021 that was filed in the record and designated as Rec. Doc. 88-4 does not ask Frank's to designate a corporate representative to discuss the settlement agreement. Only four topics for discussion are set forth in the deposition notice, and none of them are related to the settlement between Frank's and Gamma.[16]

On June 20, 2021, Matthew Weber was deposed in his capacity as Frank's authorized representative.  During the deposition, Mr. Weber was asked questions about the redacted portions of the settlement agreement; Frank's counsel objected to the questions and instructed Mr. Weber not to answer them.[17]  The primary basis for Frank's objection was that Gamma and Frank's agreed that the terms and conditions set forth in the settlement agreement would remain confidential.  Gulf Coast filed a

---

[15]     Rec. Doc. 88-1 at 4.

[16]     Rec. Doc. 88-4 at 2.

[17]     Rec. Doc. 88-7 at 15-17, 68-72.

copy of the deposition transcript along with its motion to compel.[18]  The index to the transcript indicates that several exhibits were attached to the transcript, including the deposition notice and Frank's objections to the notice.  However, neither of those exhibits was filed into the record along with the deposition transcript.

Along with its opposition brief, however, Frank's filed a copy of its objections to the deposition notice, which indicates that Topic Number 7 was the settlement between Gamma and Frank's[19] and that Frank's objected to having that topic addressed by its representative in deposition primarily because of the confidentiality clause in the agreement.  Apparently, the copy of the deposition notice that Gulf Coast filed in the record along with its motion to compel was incomplete since it did not include a Topic Number 7.

Therefore, to the extent that Local Rule 26.6 might be interpreted as applying to Gulf Coast's motion to compel Frank's to provide a corporate representative to discuss the unredacted portions of the settlement agreement, Gulf Coast failed to comply by failing to document that it actually sent Frank's a deposition notice listing the settlement agreement between Gamma and Frank's as a topic to be discussed at the deposition.

---

[18]     Rec. Doc. 88-7.

[19]     Rec. Doc. 96-2 at 5.

**B.**   **Gulf Coast's Motion to Compel is Untimely**

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the Court to control and expedite pretrial discovery through a scheduling order. Trial courts are afforded broad discretion to preserve the integrity and purpose pretrial orders.[20] Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[21] "Deadlines are deadlines for a reason. A discovery deadline is in place to ensure that other deadlines – such as those for expert reports and dispositive motions – are met. When one deadline is not met, other deadlines pass, and the District Court's trial schedule is jeopardized."[22] However, the court may, for good cause shown, extend the time for a party to act when "an act may or must be done within a specified time."[23]

---

[20]   *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1012, 1018 (5th Cir. 1979)).

[21]   *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

[22]   *David v. Signal Intern., L.L.C.*, No. 08-1220, 2014 WL 6612598, at *3 (E.D. La. Nov. 19, 2014).

[23]   Fed. R. Civ. P. 6(b)(1).

In July 2020, when Frank's filed its third-party demand against Gulf Coast, the parties to this lawsuit were operating under a scheduling order with a discovery deadline of June 16, 2020 and a trial date of December 7, 2020.[24]   In February 2021, the trial date was continued to October 25, 2021 and the discovery deadline was continued to May 7, 2021.[25]   Thus, from the time that Frank's sued Gulf Coast, the parties had approximately ten months to conduct discovery.  At no time during that ten-month window did Gulf Coast file its motion to compel.

The scheduling order is not ambiguous.  It states that May 7, 2021 "is the deadline for completion of all discovery and for submission of any discovery motions (e.g., motions to compel)."[26]   In its briefing, Frank's stated that the parties agreed to extend the formal discovery deadline until the end of May 2021 "due to scheduling issues."[27]   On May 13, 2021, counsel for Gulf Coast communicated to counsel for Frank's that he was contemplating filing a motion to compel.[28]   But Gulf Coast's motion to compel was not filed until June 23, 2021 – more than a month

---

[24]     Rec. Doc. 50.

[25]     Rec. Doc. 81.

[26]     Rec. Doc. 81 at 2.

[27]     Rec. Doc. 96 at 3-4.

[28]     Rec. Doc. 88-5.

after the formal deadline set by the court and a full three weeks after the extended deadline that the parties agreed to among themselves.

The Fifth Circuit Court of Appeals has noted that its "precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline – regardless of the requested discovery's value to the party's case."[29]  Thus, "if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.  If he fails to do so, he acts at his own peril."[30]

When a motion is filed after the discovery deadline, like Gulf Coast's motion in this case, courts have considered a number of factors in determining whether the motion should be granted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule.[31]

---

[29]    *McCollum v. Puckett Machinery Co.*, 628 Fed. App'x 225, 228 n. 4 (5th Cir. 2015).

[30]    *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001).

[31]    *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (citing *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999)).

This suit is set to be tried in October; therefore, any extension of the discovery or dispositive motion deadlines at this point would likely jeopardize the trial date. Gamma and Frank's settled their dispute before Frank's third-party demand against Gulf Coast was filed.  Gulf Coast stated in its briefing that it has, "from the outset of being hailed into federal court," "attempted to obtain a full, unredacted settlement agreement."[32]   Thus, the dispute regarding the production of the settlement agreement began before the discovery deadline established in the most recent scheduling order, and before the parties cooperatively extended that deadline.  The deadline for filing dispositive motions was extended by the court after Frank's filed an unopposed motion[33] but the parties did not ask the court to extend the discovery cut-off date.  In its briefing, Gulf Coast failed to present exceptional circumstances to justify filing a motion to compel after the close of discovery.  In fact, Gulf Coast did not even address that issue.  Furthermore, after Frank's raised the timeliness of the motion to compel in its opposition brief, Gulf Coast had an opportunity to discuss the timeliness of the motion and attempt to justify the late filing.  But Gulf Coast chose not to file a reply brief.  Thus, Gulf Coast forfeited its opportunity to persuade the court that there was good cause for the tardiness of its motion.

---

[32]     Rec. Doc. 88-1 at 3.

[33]     Rec. Doc. 85.

In this case, the discovery deadline set by the court was May 7, 2021; the discovery deadline agreed upon by the parties was May 31, 2021; the motion to compel was not filed until June 23, 2021 – beyond the expiration of the agreed-upon extension of the deadline.  In its briefing, Gulf Coast did not address the timeliness of the filing or articulate good cause for waiting so long to file its motion.  Gulf Coast did not argue that its motion to compel was timely, did not offer any excuse for its delay, and did not explain why discovery should have been extended.  The information sought by Gulf Coast in its motion could have been sought prior to the expiration of the discovery deadline.  Gulf Coast provided no explanation as to why it did not file a motion to compel the production of the settlement agreement and testimony regarding the agreement before the discovery deadline elapsed.  Additionally, the issue of the timeliness of the motion to compel was raised in Frank's opposition to the motion to compel, but Gulf Coast did not file a reply brief and, consequently, chose not to address the timeliness of the motion to compel.  For these reasons, Gulf Coast's motion to compel is denied as untimely.

## C.   <u>**Gulf Coast is Not Entitled to Sanctions**</u>

Gulf Coast did not seek sanctions under Rule 37 of the Federal Rules of Civil Procedure for Frank's failure to produce an unredacted copy of the settlement agreement.  Instead, Gulf Coast only sought to recover sanctions in the form of reasonable expenses and attorneys' fees under Rule 30(d)(2) of the Federal Rules of

Civil Procedure for Frank's alleged failure to designate a corporate representative to testify regarding the settlement agreement.  Relief is available under that statute only if a person impedes, delays, or frustrates the fair examination of the deponent.  In this case, Frank's communicated its objections to the deposition topics before the deposition occurred.[34]  Despite being aware of Frank's well-reasoned, good faith objections, Gulf Coast waited until June 23, 2021 to file its motion to compel. Having waited too long to file the motion to compel, Gulf Coast is not entitled to recover sanctions.  Accordingly, no attorneys' fees or expenses will be awarded to Gulf Coast in connection with this motion to compel.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that Gulf Coast's motion to compel (Rec. Doc. 88) is DENIED in all respects.

IT IS FURTHER ORDERED that the oral argument previously scheduled for August 12, 2021 is CANCELLED.

Signed at Lafayette, Louisiana, this 28th day of July 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[34]     Rec. Doc. 96-2 at 5.

14