UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GAMMA CONSTRUCTION COMPANY, INC. | CIVIL ACTION NO. 6:18-cv-00761 |
| VERSUS | JUDGE JUNEAU |
| FRANK'S INTERNATIONAL, LLC | MAGISTRATE JUDGE HANNA |

## ORDER

Currently pending are the defendant's motion for leave to take a trial perpetuation deposition of Otis Carter or alternative request to examine Mr. Carter at trial via video conferencing (Rec. Doc. 122) and the defendant's motion for expedited consideration of that motion (Rec. Doc. 123). The motion for leave is opposed. (Rec. Doc. 125). This Court will grant the motion for expedited consideration and will decide the motion for leave on the basis of the parties' briefing, after considering the evidence, the law, and the parties' arguments.

This Court finds that there is no legal basis to preclude Mr. Carter from testifying live at trial even though he was deposed and even though his deposition was taken for all purposes. This Court similarly finds that there is no legal basis to preclude Frank's from taking a supplemental deposition of Mr. Carter with regard to the statements set forth on the errata sheet signed by Mr. Carter after his deposition.

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.[1] It is well established that "control of discovery is committed to the sound discretion of the trial court,"[2] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[3] In evaluating the merits of the instant motion, this Court was guided by Rules 26 and 30 of the Federal Rules of Civil Procedure. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in the rule.[4] However, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the

---

[1] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[2] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[3] *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

[4] Fed. R. Civ. P. 26(b)(1).

scope permitted by Rule 26(b)(1)."[5] More particularly, a party may depose any person without leave of court but must obtain the court's permission to take a deposition if the parties have not stipulated to the deposition and "the deponent has already been deposed in the case."[6] Leave of court to permit an additional deposition must be granted only "to the extent consistent with Rule 26(b)(1) and (2)."[7]

In support of the motion, Frank's argued that it should be allowed to depose Mr. Carter again even though he has already been deposed because the issues addressed in his errata sheet are critical to the issues to be tried. Gulf Coast argued, to the contrary, that no additional questioning was justified because the errata sheet could simply be omitted from the deposition or the parties' agreement that his deposition was taken for trial purposes should be honored. This Court finds that the existence, contents and circumstances regarding the production of the errata sheet cannot be ignored and constitute a valid basis on which Mr. Carter should be questioned at trial. This is particularly so now that the trial court has ruled that Frank's may present evidence in support of its breach of contract claim at trial.

---

[5]     Fed. R. Civ. P. 26(b)(2)(C).

[6]     Fed. R. Civ. P. 30(a)(2)(A)(ii).

[7]     Fed. R. Civ. P. 30(a)(2).

Requiring a party to submit to another deposition is unreasonably cumulative and duplicative when the party seeking the additional deposition has already had an ample opportunity to obtain the information it seeks.[8] In this case, however, Franks has not had an opportunity to depose Mr. Carter regarding the statements on the errata sheet. The Court finds it, at a minimum, curious that the deposition was held in April but the errata sheet was not signed until July and then not provided to Frank's until September. The errata sheet also indicates, at least by inference, that Mr. Carter's recollection had been refreshed to the point it provided substantive information relevant to the case. In this situation, it would be fundamentally unfair to deny Frank's an opportunity to question Mr. Carter about the errata sheet. Therefore, this is a situation in which another deposition might be permitted.[9] But repeat depositions are not favored and should be avoided, if possible, and the trial of this matter is fast approaching with the Thanksgiving holiday in the interim between now and trial. Therefore, this Court finds that the better course of action would be to allow Frank's to question Mr. Carter at trial.

---

[8] *Matter of Tara Crosby, LLC*, No. 17-5391, 2019 WL 5634182, at *3 (E.D. La. Oct. 31, 2019) (citing *Kansas City S. Ry. Co. v. Nichols Constr. Co., LLC*, No. CV 05-1182, 2008 WL 11351311, at *2 (E.D. La. Oct. 2, 2008)).

[9] See *Donahue v. Wilder*, No. 15-499-JWD-RLB, 2018 WL 9649984, at *2 (M.D. La. Apr. 10, 2018).

Under Fed. R. Civ. P. 43, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." This Court finds that the two time delays and the possibly substantive issues raised by the errata sheet constitute good cause and compelling circumstances sufficient to allow Mr. Carter to testify at trial by remote means. His deposition was taken on April 20, 2021 but the errata sheet was dated July 15, 2021 – a full two months after the deposition. Then, the errata sheet was not provided to Frank's until September 22, 2021 – another full two months after that. Even if these delays were the result of mere inadvertence, the delay in crafting the errata sheet and the delay in communicating the existence of the errata sheet to Frank's justify further inquiry.

With the trial date fast approaching and safeguards available to protect a witness testifying by remote means at trial, this Court finds that the better course of action would be to deny Frank's request for a supplemental deposition but grant Frank's request for leave to have Mr. Carter testify by remote means at trial. Mr. Carter can be compelled by subpoena to appear at a federal district courthouse within 100 miles of where he resides from which VTC arrangements can be made at little to no cost to the parties. This Court has used this format to conduct live testimony by remote means on multiple occasions, some of which do not include the Actos

5

MDL, and has found it to be not only cost effective, but conducive to having the questioning controlled by the trial court in real time rather than dealing with redactions, objections, etc.in a deposition all of which are time consuming and pragmatically not realistic given the time constraints involved before trial.

Of course, should Mr. Carter agree to testify in person at the trial scheduled for November 29, nothing in this order would preclude him from doing so.

Accordingly,

IT IS ORDERED that Frank's motion for expedited consideration (Rec. Doc. 123) is GRANTED.

IT IS FURTHER ORDERED that Frank's motion for leave to take another deposition of Mr. Carter or to have Mr. Carter testify live at trial by remote means (Rec. Doc. 122) is GRANTED IN PART and DENIED IN PART. The motion is denied with regard to the request for a supplemental deposition but granted with regard to the request for live trial testimony whether in person at trial or by remote means.

IT IS FURTHER ORDERED that if Frank's decides to pursue having Mr. Carter testify live at trial by remote means, counsel shall contact chambers within five business days after the date of this order to discuss the arrangements for the

testimony and the appropriate safeguards to be implemented in connection with the testimony.

    Signed at Lafayette, Louisiana, on November 11, 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE